**Joseph A. YABLONSKI, Plaintiff,**

**v.**

**UNITED MINE WORKERS OF AMER-
ICA et al., Defendants.**

**Civ. A. No. 2413–69.**

United States District Court
District of Columbia.

Nov. 26, 1969.

Joseph L. Rauh, Jr., John Silard, Washington, D. C., for plaintiff.

Paul R. Connolly, Williams & Connolly, Washington, D. C., for defendants.

FINDINGS OF FACT, CON-
CLUSIONS OF LAW,
AND ORDER

PRATT, District Judge.

This matter came on for hearing on November 14, 1969, on the Rule to Show Cause issued by this Court on November 12, 1969. The rule was issued in response to plaintiff's motion for a find-

ing that the defendants were in contempt of this Court's order of September 19, 1969 on the ground that the November 1, 1969 issue of the United Mine Workers Journal (hereinafter referred to as the *Journal*) constituted a campaign instrument on behalf of defendant W. A. (Tony) Boyle. On consideration of the motion, the attached exhibits, testimony presented at the hearing and argument of counsel, the Rule to Show Cause is hereby discharged.

## Findings of Fact

1. On September 19, 1969, this Court ordered defendants to refrain "from discrimination in the use of the membership lists of the United Mine Workers of America, for or against any candidate for any office in the United Mine Workers of America; and specifically * * * from discrimination in the use of said membership lists in the distribution of the United Mine Workers *Journal* as a campaign instrument in favor of the candidacy of defendant W. A. (Tony) Boyle, for the office of President of the United Mine Workers of America." Yablonski v. United Mine Workers, 305 F. Supp. 868, Findings of Fact, Conclusions of Law and Preliminary Injunction, at 873, 875.

2. The November 1, 1969 issue of the *Journal* contains one reference to plaintiff Yablonski in his activities in his official capacity as Acting Director of Labor's Non-partisan League for the UMWA. That issue contains several references to defendant Boyle in the context of his activities as President of the UMWA.

3. Other materials consisting of certain press releases were submitted by plaintiff for proposed inclusion into the November 1, 1969 issue. None of these materials were finally incorporated into that issue of the *Journal.*

4. The references to defendant Boyle in the November 1, 1969 issue of the *Journal* pertained to his official activities and not to his campaign for President of the UMWA. The material submitted by plaintiff could support an editorial judgment that the subject matter of Yablonski's press releases and the occasion for their issuance related primarily to the campaign of Yablonski for President of the UMWA.

## Conclusions of Law

■ 1. This Court should refrain from taking control of a news publication or its editorship by instructing an editor as to what he can and cannot print. Matters of form, style, and content are necessarily within the discretion of a newspaper editor.

■ 2. Plaintiff has not met his burden of showing by clear and convincing evidence that defendants are in contempt of this Court's order of September 19, 1969, 305 F.Supp. 868. United States v. International Union, United Mine Workers of America, 89 F.Supp. 179 (D.D.C.1950), aff'd 88 U.S.App.D. C. 341, 190 F.2d 865 (1951). Plaintiff has not produced sufficient evidence to show that the November 1, 1969 issue of the *Journal* is or was a campaign instrument in favor of the defendant Boyle which was distributed to the union membership in violation of this Court's order that defendants refrain from discrimination in the use of UMWA membership lists.

■ 3. In the proper case where plaintiff can satisfy his burden of proof to show by clear and convincing evidence knowing willful and deliberate violation of this Court's order, this Court should not hesitate to invoke its contempt power. Should such occasion arise, this Court would consider the form of relief necessary to induce prompt obedience to its judicial mandate.

Wherefore, it is this 26th day of November, 1969, ordered, adjudged and decreed that the rule to show cause previously entered herein be and the same is hereby discharged.